## 7976.  CLARK v. THE STATE.

Although the sheep alleged to have been stolen were only temporarily ab-
sent from the place from which they were missed, and the evidence
against the accused was wholly circumstantial, the circumstances were
sufficient to authorize the verdict of guilty.

DECIDED JANUARY 23, 1917.

Indictment for larceny; from Mitchell superior court—Judge
Cox.  April 1, 1916.

From the evidence it appears that two lambs were in the pos-
session of the accused at or near the time and place at which two
lambs alleged to have been stolen from J. E. Collins were missed;
and two or three weeks later the missing lambs were found in the
same place.  The defendant, in his statement at the trial, said that
he had never "bothered" any of Mr. Collins's sheep or brought any
of them to his own place; but his possession of two lambs or sheep
at the time or place mentioned above was not denied or explained
by him.  Collins testified, that his sheep ranged at Flint, and
stayed a good deal around and under Cochran's cottonseed house,
near Cochran's store, at that place; that the first of September,
1915, he left there after dinner, and on his return, about four
o'clock, was told that two of his sheep had been taken away; that
he called up his sheep and found that two lambs were missing;
that there were tracks of a buggy which seemed to have been
drawn by a horse, at the corner of the cottonseed house, where the
sheep were supposed to have been pulled from under the house;
and a lot of dry litter and some wool had been pulled out from
under the house; that previously on the same day and before
leaving the place he saw the accused at Flint and bought a
turkey from him; that the accused lived about eight miles from
there; that a search warrant was issued and the defendant's
place searched three or four days after the disappearance of
the sheep, but they were not seen until two or three weeks later,
when they came back or were returned to their range near the
store; that he did not look to see if they were there on the
morning of the day on which they disappeared, and had not
seen them for two or three days prior to that day; and that
they were not marked.  From the testimony of A. A. Cameron
and A. W. Lanier it appeared that they were together in a buggy
at Flint in September, 1915, and saw two lambs or sheep in a

buggy in which was a man identified by Lanier as the accused; Cameron testified that he did not know the defendant, but "he favors him right smart;" that the buggy was drawn by a gray horse and was 50 or 75 yards from Cochran's cotton-house; that about half an hour before that, when going from the store to the gin-house, he saw somebody around the corner trying to catch something, and went on around there and did not see anybody; there was no buggy about the house then; he saw a buggy under the shelter at Cochran's store at the end of the cotton-house; he thought Collins was then on the river tending to some fish baskets, and not in Flint; he knew Collins missed some sheep about that time. Lanier testified that before the accused passed them in the buggy with the sheep, he saw the accused in the store at Flint on the same day, and saw his buggy standing at the shelter at the corner, but did not then see any sheep; he did not know what month it was. R. P. McDaniel testified that some time early in the fall of 1915 he saw the accused seven or eight miles from Flint, driving a gray horse, with some sheep, and three or four days later saw Collins, the prosecutor, pass in a buggy with an officer; and that the defendant's father owned sheep.

*Johnson & Warren,* for plaintiff in error.

*R. C. Bell,* solicitor-general, *F. A. Hooper & Son,* contra.

GEORGE, J. The evidence in this case, though circumstantial, was sufficient to exclude every other reasonable hypothesis than that of the guilt of the accused. Therefore the verdict finding him guilty of sheep-stealing, which has the approval of the trial judge, will not be disturbed, although it does appear, as counsel for the plaintiff in error insist, that the stolen sheep came back; as was true in the case of "Bo-Peep," which is respectfully submitted to us as authority. While the sheep came back, it does not appear that this is in any wise conclusive that they had not been in fact taken and carried away, as alleged in the indictment; it being entirely for the jury to say whether or not an extended search by the prosecutor, armed with a search warrant, of which the accused had actual notice, some three weeks before the home-coming of the sheep, may not have influenced their return.

*Judgment affirmed. Wade, C. J., and Luke, J., concur.*